1  THOMAS W. FERRELL, ESQ. (Bar No. 115605)
   tferrell@higgslaw.com
2  CHARLES F. REIDELBACH, JR., ESQ.
   (Bar No. 167482)
3  reidelbach@higgslaw.com
   HIGGS, FLETCHER & MACK LLP
4  401 West "A" Street, Suite 2600
   San Diego, CA 92101-7913
5  TEL: 619.236.1551
   FAX: 619.696.1410
6
   MARK G. KACHIGIAN (OK Bar No. 4852)
7  mkachigian@hjklaw.com
   CASSANDRA L. WILKINSON
8  (OK Bar No. 20368)
   cwilkinson@hjklaw.com
9  HEAD, JOHNSON & KACHIGIAN, P.C.
   228 West 17th Place
10 Tulsa, Oklahoma 74119
   TEL: 918.587.2000
11 FAX: 918.584.1718

12 Attorneys for Defendants
   Global Machinery Company,
13 GMCA Pty. Ltd., and Trapone Corporation Pty. Ltd.

14                 **UNITED STATES DISTRICT COURT**

15               **SOUTHERN DISTRICT OF CALIFORNIA**

16
   JENS ERIK SORENSEN, as Trustee of          CASE NO. 08 CV 0233
17 SORENSEN RESEARCH AND
   DEVELOPMENT TRUST,                          **MEMORANDUM OF POINTS AND**
18                                             **AUTHORITIES IN SUPPORT OF**
                                               **MOTION FOR STAY PENDING PATENT**
19                 Plaintiff,                  **REEXAMINATION**

   v.
20                                             DATE:             **
   GLOBAL MACHINERY COMPANY, an                TIME:             **
21 Australian company; GMCA PTY. LTD., an      Courtroom 15, 5th Floor
   Australian company; TRAPONE                 Hon. Barry Ted Moskowitz
22 CORPORATION PTY. LTD., an Australian
   company; and DOES 1-100,                    No Oral Argument Unless
23                                             Requested by the Court
                   Defendants.
24                                             Notice of Motion and Motion for
                                               Stay Pending Patent Reexamination
25                                             filed concurrently herewith

26        Defendants Global Machinery Company, GMCA Pty. Ltd., and Trapone Corporation Pty.

27 Ltd. ("Defendants"), in support of their Motion for Stay Pending Patent Reexamination, state as

28 follows:

**BACKGROUND**

Plaintiff Jens Erik Sorensen, as Trustee of Sorensen Research and Development Trust ("Plaintiff") filed the present action against Defendants on February 5, 2008, alleging infringement of U.S. Patent Number 4,935,184 ("the '184 patent"). The only pending deadline in the action is the answer date, and no discovery requests have yet been issued.

The '184 patent is currently the subject of two reexamination proceedings before the United States Patent and Trademark Office ("USPTO"): reexamination application number 90/008,975 and reexamination application number 90/008,776. Many issues in this case may be clarified, simplified, and determined by the pending reexamination proceedings. A reexamination proceeding is an administrative proceeding of the USPTO. As such, the pending reexamination proceedings allow the USPTO the opportunity to resolve validity issues concerning the '184 patent through established administrative procedures, thus sparing this Court the burden of determining difficult patent issues. The outcome of the currently pending reexamination proceedings bears directly on the validity, enforceability, and scope of the '184 patent, which is the subject of the present action. In fact, should the USPTO determine that the patent is invalid, the reexamination proceedings will eliminate the need for this litigation.

Plaintiff has filed numerous lawsuits against other parties alleging infringement of the '184 patent, many of which lawsuits are currently pending before this Court. This Court has issued stays in three of those cases: *Sorensen v. Black and Decker Corporation*, case no. 06cv1572; *Sorensen v. Giant International (USA) Ltd.*, case no. 07cv2121; and *Sorensen v. Helen of Troy and OXO International Ltd.*, case no. 07cv2278. The reasons for staying those cases are equally applicable in the present action. Furthermore, granting a stay in the present action promotes consistency among the related cases. For the reasons expressed by this Court in its Order, docket no. 243, in *Sorensen v. Black and Decker Corporation*, case no. 06cv1572, and for the reasons stated below, a stay of the present action pending reexamination of the '184 patent is appropriate and warranted.

**ARGUMENT & AUTHORITIES**

It is within this Court's discretion to grant a stay of the present action. See *Ethicon, Inc. v.*

HIGGS, FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

1   *Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988).  As stated by the Supreme Court,

2            the power to stay proceedings is incidental to the power inherent in
3            every court to control the disposition of the cases on its docket with
             economy of time and effort for itself, for counsel, and for litigants.
4            How this can best be done calls for the exercise of judgment, which
             must weigh competing interests and maintain an even balance.

5

6            *Landis v. North American Co*., 299 U.S. 248, 254-55 (1936).  See also *Fisher Controls*

7   *Company, Inc. v. Control Components*, *Inc*., 443 F.Supp. 581, 581, 196 USPQ 817 (S.D. Iowa

8   1977) ("The district court's power to stay proceedings has been drawn purposefully broad and is

9   discretionary").  Specifically, numerous courts have exercised their discretion to grant stays in

10  patent cases pending the resolution of a reexamination application. See, e.g., *MercExchange,*

11  *LLC v. eBay, Inc.*, 500 F.Supp.2d 556, 562-64 (E.D. Va. 2007); *eSoft, Inc. v. Blue Coast Systems*,

12  *Inc*., 505 F.Supp.2d 784 (D.Colo. 2007); *Medicis Pharaceutical Corp. v. Upsher-Smith*

13  *Laboratories, Inc.,* 486 F.Supp.2d 990 (D. Ariz. 2007); In re *Cygnus Telecommunications*

14  *Technology, LLC, Patent Litigation*, 385 F.Supp.2d 1022 (N.D. Cal. 2006); *Lentek International,*

15  *Inc. v. Sharper Image Corp.*, 169 F.Supp.2d 1360 (M.D. Fla. 2001); *ASCII Corp. v. STD*

16  *Entertainment USA, Inc.*, 844 F.Supp. 1378 (N.D. Cal. 1994); *Gould v. Control Laser Corp*., 705

17  F.2d 1340 (Fed. Cir. 1983).

18          Generally, courts often consider three factors in determining whether to grant a stay in a

19  patent case: "(1) whether a stay would unduly prejudice the nonmoving party or present a clear

20  tactical advantage for the moving party, (2) whether a stay will simplify the issues, and (3)

21  whether discovery is complete and whether a trial date has been set." In re *Laughlin Products,*

22  *Inc.*, 265 F.Supp.2d 525, 531 (E.D. Penn. 2003), citing *Xerox Corp. v. 3Com Corp.*, 69 F.Supp.2d

23  404, 406 (W.D.N.Y. 1999).  In the present action, all three of these factors weigh in favor of

24  granting a stay.  Given the early stage of the litigation, neither party will suffer undue prejudice

25  due to a stay.  In particular, Plaintiff is in no danger of undue prejudice as the '184 patent has

26  already expired.  Therefore, injunctive relief is not available and there will be no additional

27  damages accruing pending reexamination.  Furthermore, neither party will receive a clear tactical

28  advantage.  The only advantage to anyone gained by staying the present action pending the

reexamination prosecution will be the narrowing of the issues to be determined by this Court, an advantage that will benefit Plaintiff, Defendants, and this Court alike. Therefore, the first factor weighs in favor of granting a stay. Likewise, the third factor weighs in favor of granting a stay, as discovery is not complete and a trial date has not been set. In fact, there has not been any discovery. Most importantly, the second factor, whether a stay will simplify the issues, weighs in favor of granting a stay, as explained below.

The role of the USPTO is to grant and issue patents and trademarks. 35 USC § 2. Specifically, the USPTO is charged with examining applications for patents and determining whether an applicant is entitled to a patent. 35 USC § 131. As such, the USPTO is in a better position than this Court to evaluate the validity of the claims of the '184 patent. See In re *Laughlin Products, Inc.*, 265 F.Supp.2d at 531 ("the PTO is in a better position that the Court to evaluate the validity of the ['333] patent in view of the prior art references", quoting *Brown v. Shimano American Corp.*, 1991 WL 133586, *1 (C.D. Cal. 1991)).

As several courts have noted, there are a number of advantages to staying litigation while a patent that is the subject of the litigation is reexamined by the USPTO:

1. All prior art presented to the Court will have been first considered by the PTO, with its particular expertise.

2. Many discovery problems relating to prior art can be alleviated by the PTO examination.

3. In those cases resulting in effective invalidity of the patent, the suit will likely be dismissed.

4. The outcome of the reexamination may encourage a settlement without the further use of the Court.

5. The record of reexamination would likely be entered at trial, thereby reducing the

1    complexity and length of the litigation.

2

3    6.  Issues, defenses, and evidence will be more easily limited in pre-trial conferences

4        after a reexamination.

5

6    7.  The cost will likely be reduced both for the parties and the Court.

7

8    *Fisher Controls Company, Inc.,* 443 F.Supp. at 582.  See also *Datatreasury Corp. v. Wells*

9    *Fargo & Co.*, 490 F.Supp.2d 749, 754 (E.D. Tex. 2006); *GPAC, Inc. v. D.W.W. Enterprises, Inc.,*

10   144 FRD 60, 63 (D.N.J. 1992).  These advantages are equally applicable in the present case.

11   Staying the present action until the USPTO has had a chance to prosecute the reexamination

12   applications will simplify the issues before this Court, possibly significantly.  In fact, should the

13   USPTO determine that the '184 patent is invalid, there will be no need for further litigation.

14   Therefore, the interests of judicial economy weigh in favor of staying this action.

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

HIGGS, FLETCHER
& MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

1    For the foregoing reasons, Defendants respectfully request that the Court stay Case No. 08

2    CV 233 until the United States Patent and Trademark Office completes its reexamination of the

3    '814 patent.

4

5    DATED: March _17_, 2008                    HIGGS, FLETCHER & MACK LLP

6

7    By: _____
                                                        THOMAS W. FERRELL, ESQ.
8                                                       CHARLES F. REIDELBACH, JR., ESQ.
                                                        Attorneys for Defendants
9                                                       Global Machinery Company,
                                                        GMCA Pty. Ltd., and Trapone Corporation
10                                                      Pty. Ltd.

11   DATED: March _____, 2008                 HEAD, JOHNSON & KACHIGIAN, P.C.

12

13   By: _____
                                                        MARK G. KACHIGIAN
14                                                      Attorneys for Defendants
                                                        Global Machinery Company,
15                                                      GMCA Pty. Ltd., and Trapone Corporation
                                                        Pty. Ltd.

16

17

18

19

20

21

22

23

24

25

26

27

28

HIGGS, FLETCHER
& MACK LLP
ATTORNEYS AT LAW
SAN DIEGO