J. MICHAEL KALER, SBN 158296
KALER LAW OFFICES
9930 Mesa Rim Road, Suite 200
San Diego, California 92121
Telephone (858) 362-3151
michael@kalerlaw.com

MELODY A. KRAMER, SBN 169984
KRAMER LAW OFFICE, INC.
9930 Mesa Rim Road, Suite 1600
San Diego, California 92121
Telephone (858) 362-3150
mak@kramerlawip.com

Attorneys for Plaintiff JENS ERIK SORENSEN,
as Trustee of SORENSEN RESEARCH AND
DEVELOPMENT TRUST

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST, <br><br> Plaintiff <br><br> v. <br><br> GLOBAL MACHINERY COMPANY, an Australian company; GMCA PTY. LTD., an Australian company; TRAPONE CORPORATION PTY. LTD., an Australian company; and DOES 1 – 100, <br><br> Defendants. | Case No. 08 cv 233 BTM CAB <br><br> **PLAINTIFF'S OPPOSITION TO MOTION FOR EXTENSION OF ANSWER DATE** <br><br> DATE: April 25, 2008 <br> TIME: 11:00 a.m. <br> Courtroom 15, 5th Floor <br> Hon. Barry Ted Moskowitz <br><br> *No Oral Argument Unless* <br> *Requested by the Court* |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## SUMMARY OF OPPOSITION

Defendants' Global Machinery Company, GMCA Pty. Ltd., and Trapone Corporation Pty. Ltd. ("Defendants") motion for extension of answer date ("Motion") should be denied because:

1.      The Motion fails to identify or establish substantial harm or prejudice if the Court does not extend the deadline to file its responsive pleading.  Requiring Defendants to file a responsive pleading in a timely manner does not cause substantial harm or prejudice to the moving party.

2.      Failure to require Defendants to file a responsive pleading when due (and, in advance of the motion for stay) prevents Plaintiff and the Court from having information necessary to properly evaluate factors relevant to Defendants' Motion for Stay (Docket #9) scheduled for hearing on April 25, 2008.

3.      Defendants' request for stay is not a proper responsive pleading within the requirements of Fed.R.Civ.P. Rules 8 and 12 and thus should not delay the filing of an answer.

## FACTUAL SUMMARY

The Complaint for Patent Infringement in this case was filed on February 5, 2008 (Docket #1), and was served on Defendants' registered agents via International Certified Mail on February 22, 2008 pursuant to *Fed.R.Civ.P.* Rule 4 and *California Code of Civil Procedure* § 415.40. Pursuant to statute, the effective date of service when certified mail service is accomplished is 10 days after the date of mailing, or March 3, 2007. The responsive pleading deadline is thus March 24, 2008.

## <u>ARGUMENT</u>

**I.      DEFENDANTS' MOTION FAILED TO IDENTIFY OR ESTABLISH GOOD CAUSE FOR EXTENSION OF TIME AS REQUIRED BY CIVIL L.R. 12.1.**

According to Civil Local Rule 12.1, extensions of time for answering, or moving to dismiss a complaint shall only be secured by obtaining the approval of a judicial officer, who shall base the decision on a showing of good cause.

Having failed to show a good cause for an extension of time, Defendants motion should be denied.

## II.    A FAILURE TO FILE A RESPONSIVE PLEADING PRIOR TO BRIEFING ON THE MOTION FOR STAY DENIES PLAINTIFF AND THE COURT INFORMATION ESSENTIAL TO RULING ON THE MOTION FOR STAY.

Courts are not required to stay judicial proceedings pending reexamination of a patent. *Nanometrics, Inc. v. Nova Measuring Instruments, Ltd.*, 2007 WL 627920, at *1 (N.D.Cal. Feb. 26, 2007).

In determining whether to grant a motion for stay pending reexamination, the court must weigh the competing interests presented by the specific set of facts. *Jain v. Trimas Corporation*, 2005 WL 2397041, at *1 (E.D.Cal. Sept. 27, 2005); *Gladish v. Tyco Toys,* 29 1993 WL 625509, 29 U.S.P.Q.2d 1718, 1719 (E.D.Cal. Sept. 16, 1993).

One of the factors to be considered is whether a stay will simplify the issues in question and trial of the case. *Predicate Logic, Inc. v. Distributive Software, Inc.*, Case No. 01cv1951, Doc. #126 at pp. 2 (S.D. Cal. Nov. 14, 2002) (Moskowitz, J., presiding), citing to *Xerox Corp. v. 3Com Corp*. 69 F.Supp.2d 404, 406-7 (W.D.N.Y. Feb. 18, 1999).

Plaintiff cannot effectively argue, and the Court cannot properly evaluate this factor, if Defendants avoid identifying what matters are at issue between the parties by failing to answer the Complaint. Until an answer is filed, the Court has no basis for assuming that there are ANY factual issues in dispute.

Defendants should be required to answer the Complaint in advance of hearing on the motion for stay and thus, this request for extension of answer date should be denied.

### III.    DEFENDANTS' MOTION FOR STAY IS NOT A PROPER RESPONSIVE PLEADING TO THE AMENDED COMPLAINT.

Federal Rules of Civil Procedure Rules 8 and 12 describe the various types of pleadings to be filed by the parties upon commencement of a lawsuit. Rule 12, in particular, outlines all the responsive pleadings that a party can file to a complaint, including an answer and the various motions under Rule 12(b). A motion to stay pending reexamination is not a motion that satisfies the requirement for answering or otherwise responding to a complaint provided under Fed.R.Civ.P. Rule 12.

Defendants want to engage in motion practice before it has stated its position in routine initial pleadings, but in a manner not authorized by Rule 12. Because the motion for stay is not a motion delaying the obligation to respond to a complaint under Rule 12, the responsive pleading deadline should not be modified.

### CONCLUSION

Defendants' motion for extension of answer date should be denied because there is no substantial harm or prejudice that would accrue to Defendants if the Court does not extend the deadline to file its responsive pleading. Requiring Defendants to file a responsive pleading in a timely manner does not cause substantial harm or prejudice to the moving party.

Furthermore, allowing Defendants to further postpone the filing of a responsive pleading when due (and, in advance of the motion for stay) denies Plaintiff and the Court from evaluating factors relevant to the motion for stay, specifically, whether the requested stay would simply issues for trial.

Case No. 08cv233 BTM CAB

1
2
3

Finally, Defendants' motion for stay is not a proper responsive pleading within the requirements of Fed.R.Civ.P. Rules 8 and 12, and thus the delay in answering a complaint allowed under Rule 12 should not be applied in this case.

4

5

DATED this Friday, March 21, 2008.

6
7
8

JENS ERIK SORENSEN, as Trustee of
SORENSEN RESEARCH AND DEVELOPMENT
TRUST, Plaintiff

9
10

/s/ Melody A. Kramer

11
12

J. Michael Kaler, Esq.
Melody A. Kramer, Esq.
Attorney for Plaintiff

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PROOF OF SERVICE

I, Melody A. Kramer, declare:  I am and was at the time of this service working within in the County of San Diego, California.  I am over the age of 18 year and not a party to the within action.  My business address is the Kramer Law Office, Inc., 9930 Mesa Rim Road, Suite 1600, San Diego, California, 92121.

On Friday, March 21, 2008, I served the following documents:

**PLAINTIFF'S OPPOSITION TO MOTION FOR EXTENSION OF ANSWER DATE**

| PERSON(S) SERVED | PARTY(IES) SERVED | METHOD OF SERVICE |
|---|---|---|
| THOMAS W. FERRELL, ESQ. tferrell@higgslaw.com HIGGS, FLETCHER & MACK LLP 401 West "A" Street, Suite 2600 San Diego, CA 92101-7913 | Global Machinery Company; GMCA Pty. Ltd; Trapone Corporation Pty Ltd. | Email - Pleadings Filed with the Court via ECF |
| MARK G. KACHIGIAN mkachigian@hjklaw.com CASSANDRA L. WILKINSON cwilkinson@hjklaw.com HEAD, JOHNSON & KACHIGIAN, P.C. 228 West 17th Place Tulsa, Oklahoma 74119 | Global Machinery Company; GMCA Pty. Ltd; Trapone Corporation Pty Ltd. | Email - Pleadings Filed with the Court via ECF |

☐ (Personal Service) I caused to be personally served in a sealed envelope hand-delivered to the office of counsel during regular business hours.

☐ (Federal Express) I deposited or caused to be deposited today with Federal Express in a sealed envelope containing a true copy of the foregoing documents with fees fully prepaid addressed to the above noted addressee for overnight delivery.

☐ (Facsimile) I caused a true copy of the foregoing documents to be transmitted by facsimile machine to the above noted addressees.  The facsimile transmissions were reported as complete and without error.

☐ (Email) I emailed a true copy of the foregoing documents to an email address

Case No. 08cv233 BTM CAB

represented to be the correct email address for the above noted addressee.

|X| (Email--Pleadings Filed with the Court) Pursuant to Local Rules, I electronically filed this document via the CM/ECF system for the United States District Court for the Southern District of California.

|  | (U.S. Mail) I mailed a true copy of the foregoing documents to a mail address represented to be the correct mail address for the above noted addressee.

I declare that the foregoing is true and correct, and that this declaration was executed on Friday, March 21, 2008, in San Diego, California.

/s./ Melody A. Kramer

Melody A. Kramer

7.