Thomas W. Ferrell
tferrell@higgslaw.com
Charles F. Reidelbach, Jr.
reidelbach@higgslaw.com
HIGGS FLETCHER & MACK, LLP
401 West A Street
Suite 2600
San Diego, California  92101
Telephone:   (619) 236-1551
Facsimile:   (619) 696-1410

Mark G. Kachigian
mkachigian@hjklaw.com
Cassandra L. Wilkinson
cwilkinson@hjklaw.com
HEAD, JOHNSON & KACHIGIAN, P.C.
228 West 17th Place
Tulsa, Oklahoma  74119
Telephone:   (918) 587-2000
Facsimile:   (918) 584-1718

Counsel for Defendants Global Machinery Company,
GMCA Pty. Ltd., and Trapone Corporation Pty. Ltd.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,** | Case No. 08 CV 0233 |
| **Plaintiff,** | **DEFENDANTS' ANSWER** |
| v. | |
| **GLOBAL MACHINERY COMPANY, an Australian company; GMCA PTY. LTD., an Australian company; TRAPONE CORPORATION PTY. LTD., an Australian company; and DOES 1-100,** | |
| **Defendants.** | |

Defendants Global Machinery Company, GMCA Pty. Ltd., and Trapone Corporation Pty. Ltd. ("Defendants"), for their Answer to the Complaint for Patent Infringement, state as follows:

### Answers to Numbered Paragraphs of the Complaint

Defendants generally deny all allegations of the Complaint except those specifically admitted below.

1. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 1 of the Complaint.

2. Defendants deny that Global Machinery Company is a company organized under the laws of Australia, as alleged in Paragraph 2 of the Complaint. The registered name of the company located at the given address is GMCA Pty. Ltd.

3. Defendants admit the allegations contained in Paragraph 3 of the Complaint.

4. Defendants deny that Trapone Corporation Pty. Ltd. is an Australian company, as alleged in Paragraph 4 of the Complaint. Trapone Corporation Pty. Ltd. is the former name of GMC Worldwide Pty. Ltd., with which GMCA Pty. Ltd. is associated.

5. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 5 of the Complaint.

6. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 6 of the Complaint.

7. Defendants admit the allegations contained in Paragraph 7 of the Complaint.

8. Defendants deny that they have committed acts of infringement in this District; therefore, Defendants deny that "venue in this district is proper under 23 U.S.C. §§ 1391 and 1400(b) because Defendants have committed acts of infringement in this District," as alleged in Paragraph 8 of the Complaint.

1    9.    Defendants deny that their products infringe Plaintiff's patent; therefore, Defendants deny that "this Court has personal jurisdiction over Defendants because they manufacture within, import into, offer for sale, and/or sell infringing products in this District," as alleged in Paragraph 9 of the Complaint.

10.    Paragraph 10 of the Complaint does not require an answer.

11.    There is no Paragraph 11 in the Complaint.

12.    Defendants admit the allegations contained in Paragraph 12 of the Complaint.

13.    Defendants deny the allegations contained in Paragraph 13 of the Complaint.

14.    Defendants admit the allegations contained in Paragraph 14 of the Complaint.

15.    Defendants admit the allegations contained in Paragraph 15 of the Complaint.

16.    In response to Paragraph 16 of the Complaint, Defendants admit that they have been on actual express notice of the '184 patented process since at least October 15, 2004. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that they have been on actual express notice since September 21, 2004.

17.    In response to Paragraph 17 of the Complaint, Defendants deny that they have engaged in design, manufacture, import, sale, and/or offer to sell within the United States products that have dual-layer external plastic housings manufactured using the '184 patented process.

18.    Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19.    Defendants admit the allegations contained in Paragraph 19 of the Complaint.

20.    Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21.    Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22.    Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24. Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25. Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26. Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29. Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30. Defendants deny the allegations contained in Paragraph 30 of the Complaint.

Defendants further deny that Plaintiff is entitled to the relief requested in the Prayer for Relief contained in the Complaint.

**Affirmative Defenses**

1. The Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff has failed to establish that this Court has personal jurisdiction over Defendants.

3. Plaintiff has failed to establish that venue is proper in this Court.

4. Defendants have not directly infringed, contributed to the infringement of, induced the infringement of, or willfully infringed any claim of the patent that Plaintiff accuses Defendants of infringing, either literally or under the Doctrine of Equivalents.

5. The patent that Plaintiff accuses Defendants of infringing is invalid.

6. Plaintiff is not entitled to treble damages.

7. Plaintiff is not entitled to attorney fees.

Defendants reserve the right to add to, supplement, or amend their list of affirmative defenses as discovery proceeds.

1   **WHEREFORE**, Defendants respectfully request the Court to enter judgment dismissing the Complaint in its entirety and awarding Defendants their costs incurred in connection with this action, including reasonable attorneys fees, and all other such relief as the Court deems just and proper.

Date:  April 11, 2008

Respectfully submitted,

 /s/ Cassandra L. Wilkinson
———————————————
Thomas W. Ferrell
tferrell@higgslaw.com
Charles F. Reidelbach, Jr.
reidelbach@higgslaw.com
HIGGS FLETCHER & MACK, LLP
401 West A Street
Suite 2600
San Diego, California  92101
Telephone:     (619) 236-1551
Facsimile:      (619) 696-1410

Mark G. Kachigian
mkachigian@hjklaw.com
Cassandra L. Wilkinson
cwilkinson@hjklaw.com
HEAD, JOHNSON & KACHIGIAN, P.C.
228 West 17th Place
Tulsa, Oklahoma  74119
Telephone:     (918) 587-2000
Facsimile:      (918) 584-1718

Counsel for Defendants Global Machinery Company, GMCA Pty. Ltd., and Trapone Corporation Pty. Ltd.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 11, 2008, the foregoing document was electronically transmitted to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

J. Michael Kaler
Kaler Law Offices
9930 Mesa Rim Road, Suite 200
San Diego, California  92121
michael@kalerlaw.com

Melody A. Kramer
Kramer Law Office, Inc.
9930 Mesa Rim Road, Suite 1600
San Diego, California  92121
mak@kramerlawip.com                          /s/ Cassandra L. Wilkinson
                                             _____
                                             Counsel for Defendants