1   Peter K. Hahn
2   phahn@luce.com
3   Callie Bjurstrom
4   cbjurstrom@luce.com
5   LUCE, FORWARD, HAMILTON & SCRIPPS LLP
6   600 West Broadway, Suite 2600
7   San Diego, California 92101-3391
8   Telephone:     (619) 699-2585
9   Facsimile:     (619) 446-8243
10
11  Mark G. Kachigian
12  mkachigian@hjklaw.com
13  Cassandra L. Wilkinson
14  cwilkinson@hjklaw.com
15  HEAD, JOHNSON & KACHIGIAN, P.C.
16  228 West 17th Place
17  Tulsa, Oklahoma  74119
18  Telephone:     (918) 587-2000
19  Facsimile:     (918) 584-1718
20
21  Counsel for Defendants Global Machinery Company,
22  GMCA Pty. Ltd., and Trapone Corporation Pty. Ltd.
23
24          **IN THE UNITED STATES DISTRICT COURT**
25          **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**
26
27  **JENS ERIK SORENSEN, as Trustee of**        )      **Case No. 08 CV 0233**
28  **SORENSEN RESEARCH AND**                    )
29  **DEVELOPMENT TRUST,**                       )      **REPLY IN SUPPORT OF**
30                                               )      **MOTION FOR STAY PENDING**
31                                               )      **PATENT REEXAMINATION**
32              **Plaintiff,**                   )
33                                               )      Date:   April 25, 2008
34  **v.**                                       )      Time:   11:00 a.m.
35                                               )      Courtroom 15, 5th Floor
36  **GLOBAL MACHINERY COMPANY,**                )      Hon. Barry Ted Moskowitz
37  **an Australian company; GMCA PTY.**         )
38  **LTD., an Australian company;**             )      No Oral Argument Unless
39  **TRAPONE CORPORATION PTY.**                 )      Requested by the Court
40  **LTD., an Australian company; and DOES**    )
41  **1-100,**                                   )
42                                               )
43                                               )
44              **Defendants.**                  )
45

1    Defendants Global Machinery Company, GMCA Pty. Ltd., and Trapone Corporation Pty.

2    Ltd. ("Defendants") filed a Notice of Motion and Motion for Stay Pending Patent Reexamination

3    (the "Motion") on March 18, 2008, thereby moving the Court to stay all proceedings in the

4    present action pending the reexamination of U.S. Patent Number 4,935,184 (the "'184 patent")

5    by the United States Patent and Trademark Office ("USPTO").  Plaintiff Jens Erik Sorensen, as

6    Trustee of Sorensen Research and Development Trust ("Plaintiff") filed an Opposition to

7    Defendants' Motion on April 10, 2008.  In reply to Plaintiff's Opposition, and in further support

8    of Defendants' Motion, Defendants state as follows:

9                                                    **BACKGROUND**

10    As previously explained in the Motion, the present action is based on the alleged

11    infringement of the '184 patent, which is currently the subject of two reexamination proceedings

12    before the USPTO.  Many issues in this case may be clarified, simplified, and determined by the

13    pending reexamination proceedings.  The pending reexamination proceedings, as administrative

14    proceedings of the USPTO, allow the USPTO the opportunity to resolve validity issues

15    concerning the '184 patent through established administrative procedures, thus sparing this Court

16    the burden of determining difficult patent issues.  The outcome of the currently pending

17    reexamination proceedings bears directly on the validity, enforceability, and scope of the '184

18    patent.    In fact, should the USPTO determine that the patent is invalid, the reexamination

19    proceedings will eliminate the need for this litigation.

20                                        **ARGUMENT AND AUTHORITIES**

21    As set forth in the Motion, the interests of judicial economy weigh in favor of staying the

22    present action pending resolution of the pending reexamination proceedings.  Defendants are not

23    trying to "derail this litigation" and do not argue *per se* entitlement to a stay based upon the

24    *Black & Decker* stay," as alleged by Plaintiff, but rather have demonstrated that a stay is

1    appropriate and justified in this case, regardless of what happens in any other cases.  Defendants

2    did not initiate the currently pending reexaminations; those proceedings were already underway

3    when Plaintiff initiated the present action against Defendants.  It is true that granting a stay in the

4    present action would promote consistency among the related cases; however, disregarding all

5    other cases and considering the merits of a stay in this case alone, a stay of the present action

6    pending reexamination of the '184 patent is appropriate and warranted.

7         Plaintiff's Opposition argues that the reexamination proceedings may last 5 years, but

8    cannot support this assertion with anything but flawed methodology and unfounded assumptions.

9    Plaintiff further argues that a stay will prejudice Plaintiff, but fails to demonstrate the likelihood

10   of such prejudice or whether the risk of such prejudice outweighs the other considerations

11   involved in determining whether a stay is appropriate.  As set forth below, Plaintiff's arguments

12   against a stay in the present action are not well taken, and a stay is appropriate and warranted.

13        **Plaintiff's Calculation of the Possible Time for the Reexaminations is Fatally Flawed**

14        Plaintiff's primary argument in opposition to the proposed stay is that a stay pending the

15   reexaminations would be inappropriate because the reexaminations are likely to extend five years

16   or more.  However, Plaintiff's assertion that the reexaminations will take five years is not based

17   on official USPTO statistics, but rather on a flawed methodology that makes unfounded

18   assumptions and ignores crucial factors.

19        The USPTO recently released statistics through December 31, 2007.  In a document titled

20   "*Ex Parte* Reexamination Filing Data – December 31, 2007," attached hereto as Exhibit 1, the

21   USPTO reported that the average overall reexamination pendency, from filing date to certificate

22   issue date, is 24.0 months and the median pendency is 18.6 months.  The document does not

23   state how these pendencies were calculated.  Other items in the report specify that those items

24   include data from 1981 to present; however, the pendency calculation does not.  Likewise, the

1  document does not provide raw data that may be used to confirm the USPTO's calculation.  All

2  that can be definitively established is that the USPTO's position is that reexaminations have an

3  average pendency of 24.0 months and a median pendency of 18.6 months.  This is consistent

4  with the USPTO's previous assertion in its June 2006 statistical report that the average pendency

5  was 22.8 months and the median pendency was 17.6 months, as recognized by this Court in its

6  Judicial Notice regarding the stay in *Sorensen v. Black & Decker Corporation, et al.*, Case No.

7  06cv1572, Docket #243.

8      Plaintiff alleges that the USPTO's calculations are obsolete, and that reexaminations

9  currently may be expected to last five years.  However, Plaintiff makes certain unfounded

10  assumptions and ignores crucial factors in calculating the five-year duration.  First, Plaintiff's

11  methodology is flawed: Plaintiff does not look at the actual pendency for recent reexaminations,

12  but rather assumes that the pendency of a newly filed reexamination depends on the size of the

13  USPTO's backlog.  Plaintiff presumes to determine the size of that backlog by comparing

14  reexamination filings versus issued certificates from 1989 to the end of 2007.  Plaintiff then

15  divides the total supposed backlog by the highest number of reexamination certificates issued in

16  one year (367 in 2007) and the average number of reexamination certificates issued during the

17  past five years (250 from 2003 to 2007) to determine that the backlog will not be cleared for 4.5

18  to 6.6 years.  The biggest problem with this methodology is that Plaintiff assumes that the

19  USPTO takes reexamination applications in order and will not consider a new reexamination

20  application until the entire backlog is cleared.  That is not the case.  USPTO regulations

21  specifically state that reexaminations involved in litigation are taken up before other

22  reexaminations, reissues, or regular applications not involved in litigation:  "Any cases involved

23  in litigation, whether they are reexamination proceedings or reissue applications, will have

24  priority over all other cases."  MPEP § 2261.  Since the USPTO's data shows that only 26% of

1    reexaminations are in litigation, this policy has a significant impact on the pendency of

2    reexaminations involved in litigation, such as those currently at issue.

3        A better way of determining the backlog as it impacts the reexaminations at issue in this

4    case is to consider only those reexaminations related to litigation, as those reexaminations have

5    priority over other cases.  Using Plaintiff's own data, as shown in Exhibit B to Declaration of

6    Melody A. Kramer, Docket No. 21-2, the number of litigation-related reexaminations and the

7    number of reexamination certificates issued  since 1989 is as follows:

| Year | Related to Litigation | Certificates Issued | | Year | Related to Litigation | Certificates Issued |
|------|----------------------|--------------------|---|------|----------------------|--------------------|
| 1989 | 37 | 206 | | 1999 | 62 | 243 |
| 1990 | 27 | 224 | | 2000 | 80 | 276 |
| 1991 | 47 | 200 | | 2001 | 80 | 287 |
| 1992 | 47 | 243 | | 2002 | 52 | 200 |
| 1993 | 75 | 293 | | 2003 | 109 | 193 |
| 1994 | 77 | 309 | | 2004 | 138 | 138 |
| 1995 | 100 | 281 | | 2005 | 176 | 223 |
| 1996 | 89 | 298 | | 2006 | 229 | 329 |
| 1997 | 65 | 334 | | 2007 | 369 | 367 |
| 1998 | 66 | 317 | | | | |

8    As can be seen in the foregoing chart, every year between 1989 and 2006 there were more

9    certificates issued than there were reexamination requests filed that related to litigation.  Since

10   reexaminations involved in litigation have priority, it may be assumed that they were taken up

11   first and there was therefore no backlog of reexaminations related to litigation.  The only year in

12   which there were more filings than certificates was 2007.  Thus, using Plainitff's methodology of

13   determining backlog but taking into consideration the fact that reexaminations related to

14   litigation have priority, the backlog at the end of 2007 should have been only two (2)

15   reexaminations.  This is drastically different than Plaintiff's assertion that there was a backlog of

16   1,658 reexaminations.

17       A further flaw in Plaintiff's methodology is the assumption that reexamination

18   certificates will continue to be issued at the same rate at which they have been issued in the past.

1    Plaintiff's own cited statistics indicate that the number of reexamination certificates issued since

2    2003 is as follows: 193 in 2003; 138 in 2004; 223 in 2005; 329 in 2006; and 367 in 2007. *See*

3    Exhibit A to Declaration of Melody A. Kramer, Docket No. 21-2.  In other words, the number of

4    reexamination certificates issued per year has increased 190% over the past five years.  There is

5    no basis for an assumption that such growth will not continue this year and in the future.  There

6    is even less basis for an assumption that such growth will reverse and the rate will drop back to

7    the five year average of 250.  Thus, even if there were a backlog effecting litigation-related

8    reexaminations, such a backlog would likely be cleared much sooner than Plaintiff's estimate of

9    5 years.

10          The fact is, there is absolutely no way of knowing how long the reexaminations will take.

11    Common sense dictates that the pendency of a reexamination has much more to do with the

12    length and complexity of the patent and prior art being considered and with the number of

13    communications between the USPTO and the patent owner than it does with any supposed

14    backlog.  The best anyone can do is guess about how long a reexamination will take, based on

15    the information we have before us.  Unfortunately, neither Defendants nor Plaintiff has enough

16    information to make a reasonable guess as to these particular reexaminations.  The entity with

17    the most information is the USPTO, whose most recent report states that the average overall

18    reexamination pendency is 24.0 months and the median pendency is 18.6 months.  In the absence

19    of more complete raw data allowing us to make better calculations ourselves, the best we can do

20    is rely on the USPTO to correctly interpret its own data, and assume that the 18.6 to 24.0 month

21    pendency is at least close to what we can expect in the current reexaminations.  Plaintiff's

22    assumptions, guesses, and flawed methodology do not change this fact.  Therefore, Plaintiff's

23    argument that a stay is inappropriate because the reexaminations are likely to extend five years

24    or more is not well taken.

1    **Plaintiff's Arguments Based on a Five-Year Reexamination Pendency are**
2    **Inapplicable Given the Foregoing Demonstration**

3       An alleged five-year pendency is the basis for several of Plaintiff's arguments in the

4    Opposition, namely the arguments that five-year reexaminations undermine legislative policy,

5    undermine the purpose of the Local Patent Rules, and render older case law on the subject of

6    stays pending reexamination inapplicable.   The fact that the five-year pendancy theory is

7    incorrect, as demonstrated above, renders these arguments moot.   Furthermore, even if there

8    were some support for Plaintiff's theory, Plaintiff's arguments are not persuasive.

9       Plaintiff first argues that a five-year reexamination undermines congressional intent for

10   use of the reexamination process.  While this may be true, it is of no consequence in this case, as

11   neither Plaintiff, Defendants, nor the Court has any influence on the duration of the pending

12   reexaminations.  Likewise, Plaintiff's lamentations over the misuse of the reexamination process

13   by defendants in general is irrelevant in this case, as the pending reexaminations were initiated

14   by third-parties and were already pending long before Plaintiff commenced the instant action

15   against Defendants.

16      Plaintiff also argues that lengthy reexamination proceedings undermine the intent of the

17   Local Patent Rules.  Plaintiff argues that the purpose of the Local Patent Rules is "providing a

18   predictable and uniform treatment for IP litigants and streamline the process by which a patent

19   case is litigated, shortening the time to trial or settlement and thereby reducing costs for all

20   parties involved."   However, while a stay pending a lengthy reexamination proceeding does

21   delay trial, it serves the rest of the purposes of the Local Patent Rules much more effectively than

22   blindly proceeding with expensive litigation that may or may not need to be repeated or may

23   even be unnecessary, depending on the outcome of the reexamination.  Issuing a stay does not

24   disrupt predictable and uniform treatment for IP litigants.  Likewise, staying litigation pending

1    the outcome of reexamination is much more streamlined than simultaneously going forward with

2    parallel proceedings before the court and the USPTO, and therefore a stay serves the purpose of

3    streamlining the process by which a patent case is litigated.   Finally, a stay does not increase the

4    cost of litigation in the least, but may save significant expense in ultimately unnecessary

5    discovery, motion practice, and possibly even trial.   Therefore, contrary to Plaintiff's assertions,

6    staying the present action pending the reexaminations does not undermine the intent of the Local

7    Patent Rules, but rather supports and furthers their intent and purpose.

8         Finally, Plaintiff argues that case law supporting liberal grants of litigation stays pending

9    the completion of reexamination proceedings are inapposite.   However, the cases cited by

10   Plaintiff do not constitute binding precedent in this Court and, moreover, are readily

11   distinguishable from the case at bar.   In both *NTP, Inc. v. Research in Motion, Ltd.*, 397

12   F.Supp.2d 785 (E.D.Va. 2005) and *MercExchange, LLC v. eBay, Inc.*, 500 F.Supp.2d 556, 83

13   USPQ2d 1688 (E.D.Va. 2007), the case was in a drastically different stage than the present case,

14   having been to trial, up on appeal, and subsequently remanded back for reconsideration of select

15   issues.   In *Blackboard, Inc. v. Desire2Learn, Inc.*, Civil Action No 9:06-CV-155 (E.D. Texas,

16   2008), the court denied the defendant's motion to stay by oral order, and therefore we have no

17   way of knowing the facts particular to that case justifying the denial.   Therefore, none of these

18   cases provide guidance in the present case.

19        As discussed in the Motion, it is within this Court's discretion whether to grant a stay in

20   the present action.   The Court may consider the reasoning of the courts cited by Plaintiff, but is

21   under no obligation to follow their lead.   Rather, the Court should consider all of the facts and

22   circumstances of this particular case, as well as the parameters set forth in the Motion as the

23   generally accepted standard for determining whether to grant a stay, namely (1) whether a stay

24   would unduly prejudice the nonmoving party, (2) whether a stay will simplify the issues, and (3)

1    whether discovery is complete and a trial date has been set.  As demonstrated in the Motion, all

2    of these factors weigh in favor of granting a stay, in the interest of judicial economy.  The fact

3    that a handful of courts have found that a stay is inappropriate in their particular and very

4    different circumstances does not change the fact that the interests of judicial economy weigh in

5    favor of granting a stay in the present case pending resolution of the pending reexaminations.

6                    **Plaintiff Would Not Be Unduly Prejudiced By a Stay**

7            Plaintiff's final argument is that Plaintiff would be prejudiced by a stay.  However,

8    Plaintiff has failed to demonstrate the likelihood of such prejudice or that such prejudice would

9    be undue.  Several courts have found that a certain amount of prejudice is inherent in every stay,

10   and such prejudice is not considered "undue." *See Sorensen v. Digital Networks North America*

11   *Inc.*, 2008 WL 152179 (N.D.Cal.) (holding that "[t]he delay inherent to the reexamination

12   process does not constitute, by itself, undue prejudice"); *SKF Condition Monitoring, Inc. v. SAT*

13   *Corp.*, 2008 WL 706851 (S.D.Cal.) (holding that "the delay inherent to the reexamination

14   process does not constitute, by itself, undue prejudice"); *01 Communique Laboratory, Inc. v.*

15   *Citrix Systems, Inc.*, 2008 WL 696888 (N.D. Ohio) (holding that prejudice resulting from a stay

16   during reexamination does not necessarily rise "to the level of undue prejudice necessary to

17   outweigh other factors in favor of a stay," and declining to speculate on possible future discovery

18   issues); *Aerotel, Ltd. v. IDT Corp.*, 2003 WL 23100263 (SDNY) (holding that prejudice in the

19   form of an inability to move forward and confirm the value of a patent "is an inevitable result of

20   any stay [and] is not unduly prejudicial").  As noted by this Court in *Sorensen v. Black & Decker*

21   *Corporation, et al.*, Case No. 06cv1572, "[p]rotracted delay is always a risk inherent in granting

22   a stay, yet courts continue to stay actions pending reexamination.  The general prejudice of

23   having to wait for resolution is not a persuasive reason to deny the motion for stay."  2007 WL

24   2696590, *4.

1    Plaintiff argues that a stay would prohibit Plaintiff from identifying and serving all proper

2    defendants. However, Plaintiff presents no reasons to suspect that there may be additional

3    defendants that cannot be identified without discovery. Therefore, the only prejudice with

4    regards to identifying defendants that Plaintiff will suffer as a result of a stay is the same

5    prejudice suffered by all plaintiffs in stayed cases, namely the risk that there is some unknown

6    party out there, the discovery of whom is delayed by the stay. Such prejudice is inherent in

7    every stay and, absent special circumstances indicating otherwise, does not constitute undue

8    prejudice.

9    Likewise, Plaintiff argues that a stay would prejudice Plaintiff through the loss of

10   evidence. However, Plaintiff's argument is faulty. Plaintiff admits in the Opposition that courts

11   have construed Rule 26 to imply a duty to preserve all evidence that may be relevant in a case,

12   and that courts are reluctant to grant motions to preserve evidence because the duty of

13   preservation exists without a court order. Plaintiff then claims a need to conduct preliminary

14   discovery and request a preservation order in order to prevent substantial prejudice as a result of

15   a stay. This position is inconsistent with Plaintiff's foregoing statements that Defendants are

16   under a duty to preserve evidence. Furthermore, similar to the argument regarding additional

17   defendants, Plaintiff does not allege any special circumstances making the loss of evidence any

18   more likely in this case than in any other case subject to a stay. As noted above, prejudice that is

19   inherent in every stay is not considered undue prejudice.

20   Furthermore, even if there were a risk of prejudice to Plaintiff, such prejudice is

21   outweighed by the other factors in favor of a stay. In particular, the slight prejudice Plaintiff

22   may suffer is miniscule in comparison to the prejudice Defendants may suffer should the Motion

23   be denied. As noted by this Court in *Sorensen v. Black & Decker Corporation*,

1    [t]he Federal Circuit has recently confirmed that the PTO would
2    not be bound in its reexamination by the determinations of this
3    Court. *In re Trans. Texas Holdings Corp.*, 2006-1599 and 2006-
4    1600, 2007 U.S.App. LEXIS 19909, at *14-19 (Fed.Cir. Aug. 22,
5    2007).  Because of this, the Court finds that not only is Plaintiff
6    unlikely to be prejudiced in these proceedings by a stay pending
7    the PTO reexaminations, but Defendants would potentially be
8    prejudiced by *failing* to enter a stay.  One court has explained this
9    possibility accordingly:
10
11    Not only could the Court and the PTO reach conflicting
12    determinations, but one possible scenario could result in
13    irreparable harm to [Defendant]: if this Court finds that the [patent]
14    is not invalid and that [Defendant] has infringed it, and orders
15    [Defendant] to pay damages to [Plaintiff] for such infringement,
16    then [Defendant] would have no ability to recover those damages if
17    at a later date the PTO determined that the [] patent is invalid.
18
19    *Bausch & Lomb, Inc. v. Alcon Lab., Inc.*, 914 F.Supp. 951, 952
20    (W.D.N.Y. 1996).  The Court finds such a possibility to be, at a
21    minimum, a highly undesirable outcome.
22
23  2007 WL 2696590, *5.  Thus, not only will Plaintiff not be unduly prejudiced by a stay, but a

24  failure to stay the present action may severely prejudice Defendants.  Therefore, a stay is

25  warranted in the interest of judicial economy.

26                                    **CONCLUSION**

27       Plaintiff's assertion that the pending reexaminations are likely to last five years is

28  unfounded.  Thus, all of Plaintiff's arguments based on the long duration of reexaminations is

29  likewise unfounded.  Furthermore, Plaintiff has failed to demonstrate that Plaintiff will suffer

30  undue prejudice as a result of a stay.  Therefore, because a stay would not unduly prejudice the

31  nonmoving party, a stay will simplify the issues, and the case is in its earliest stages, a stay of the

32  present action pending resolution of the ongoing reexaminations is appropriate and warranted.

33       For the reasons explained above and in Defendants' Motion, Defendants respectfully

34  request that the Court stay all proceedings in the present action pending the reexamination of

35  U.S. Patent Number 4,935,184 by the United States Patent and Trademark Office.

1    Date:  April 18, 2008

2                                                  Respectfully submitted,

3

4                                                   /s/Cassandra L. Wilkinson

5                                                  ─────────────────────────────

6                                                  Peter K. Hahn
7                                                  phahn@luce.com
8                                                  Callie Bjurstrom
9                                                  cbjurstrom@luce.com
10                                                 LUCE, FORWARD, HAMILTON & SCRIPPS
11                                                 LLP
12                                                 600 West Broadway, Suite 2600
13                                                 San Diego, California 92101-3391
14                                                 Telephone:    (619) 699-2585
15                                                 Facsimile:    (619) 446-8243

16

17                                                 Mark G. Kachigian
18                                                 mkachigian@hjklaw.com
19                                                 Cassandra L. Wilkinson
20                                                 cwilkinson@hjklaw.com
21                                                 HEAD, JOHNSON & KACHIGIAN, P.C.
22                                                 228 West 17th Place
23                                                 Tulsa, Oklahoma  74119
24                                                 Telephone:    (918) 587-2000
25                                                 Facsimile:    (918) 584-1718

26

27                                                 Counsel for Defendants Global Machinery
28                                                 Company, GMCA Pty. Ltd., and Trapone
29                                                 Corporation Pty. Ltd.

30

31                                  **CERTIFICATE OF SERVICE**

32

33          The undersigned hereby certifies that on April 18, 2008, the foregoing document was
34   electronically transmitted to the Clerk of the Court using the ECF System for filing and
35   transmittal of a Notice of Electronic Filing to the following ECF registrants:

36

37

38   J. Michael Kaler                          Melody A. Kramer
39   Kaler Law Offices                         Kramer Law Office, Inc.
40   9930 Mesa Rim Road, Suite 200             9930 Mesa Rim Road, Suite 1600
41   San Diego, California  92121              San Diego, California  92121
42   michael@kalerlaw.com                      mak@kramerlawip.com

43

44                                             /s/Cassandra L. Wilkinson

45                                             ─────────────────────────────

46                                             Counsel for Defendants