Callie Bjurstrom, State Bar Number 137816
cbjurstrom@luce.com
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
600 West Broadway, Suite 2600
San Diego, California 92101-3391
Telephone:   (619) 699-2585
Facsimile:   (619) 446-8243

Mark G. Kachigian
mkachigian@hjklaw.com
Cassandra L. Wilkinson
cwilkinson@hjklaw.com
HEAD, JOHNSON & KACHIGIAN, P.C.
228 West 17th Place
Tulsa, Oklahoma  74119
Telephone:   (918) 587-2000
Facsimile:   (918) 584-1718

Counsel for Defendants Global Machinery Company,
GMCA Pty. Ltd., and Trapone Corporation Pty. Ltd.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>Plaintiff,<br><br>v.<br><br>GLOBAL MACHINERY COMPANY, an Australian company; GMCA PTY. LTD., an Australian company; TRAPONE CORPORATION PTY. LTD., an Australian company; and DOES 1-100,<br><br>Defendants. | Case No. 08 CV 0233<br><br>**DEFENDANTS' OPPOSITION TO MOTION TO MODIFY PATENT LOCAL RULES SCHEDULE TO ACCELERATE IDENTIFICATION OF CLAIMED INVALIDATING PRIOR ART**<br><br>Date:  May 23, 2008<br>Time:  11:00 a.m.<br>Courtroom 15, 5th Floor<br>Hon. Barry Ted Moskowitz |

Plaintiff Jens Erik Sorensen, as Trustee of Sorensen Research and Development Trust ("Plaintiff") filed Plaintiff's Notice of Motion and Motion to Modify Patent Local Rules

Schedule to Accelerate Identification of Claimed Invalidating Prior Art (the "Motion") (Docket No. 15) on March 26, 2008. In opposition to the Motion, Defendants Global Machinery Company, GMCA Pty. Ltd., and Trapone Corporation Pty. Ltd. ("Defendants") state as follows:

## BACKGROUND

In this action, Plaintiff alleges infringement of U.S. Patent No. 4,935,184 (the "'184 patent"). The '184 patent expired on February 5, 2008 and is no longer in effect. There are currently two (2) reexamination proceedings pending before the United States Patent and Trademark Office ("USPTO") regarding the validity and scope of the '184 patent. There are also currently twenty-three (23) patent infringement cases pending in this Court regarding the '184 patent, filed by Plaintiff against various parties. Five (5) of these cases have been stayed,[1] and Motions for Stay are pending in seven (7) others,[2] including this case (Docket No. 9). Plaintiff has filed motions identical to the current Motion in all of these twenty-three (23) related cases, and has requested that the Court hear oral arguments on all of them at 11:00 am on May 23, 2008 (Docket No. 16).

## ARGUMENT AND AUTHORITIES

In the Motion, Plaintiff argues that the Court stayed the low-number related case *Sorensen v. Black & Decker Corp. et al*, Case No 06cv1572 because "[t]he Court believes that it will benefit from the PTO's evaluation of how the previously unconsidered prior art references impact the claims of the patent-in-suit." Therefore, Plaintiff reasons, Defendants must disclose all invalidating prior art within 60 days in order for the USPTO to consider such prior art during

---

[1] *Sorensen v. Black & Decker* (06cv1572); *Sorensen v. Giant* (07cv2121); *Sorensen v. Esseplast* (07cv2277); *Sorensen v. Energizer* (07cv2321); and *Sorensen v. Helen of Troy Texas Corporation* (07cv2278).
[2] *Sorensen v. Emerson* (08cv0060); *Sorensen v. Global Machinery* (08cv0233); *Sorensen v. Kyocera* (08cv0411); *Sorensen v. Rally* (08cv0305); *Sorensen v. Ryobi* (08cv0070); *Sorensen v. Senco* (08cv0071); and *Sorensen v. Central Purchasing* (08cv0309).

1  the reexaminations, or the benefits intended by the Court in issuing the stay in the *Black &*
2  *Decker* case will not be achieved.  However, this reasoning contains certain logical flaws.  First,
3  Plaintiff ignores the fact that the Court in *Black & Decker* listed several benefits to staying the
4  action, only one of which was the benefit of the USPTO's evaluation of the prior art.  Second,
5  Plaintiff ignores the fact that the Court will still receive a substantial benefit even if the USPTO
6  does not consider *all* of the prior art that the Court eventually considers.  Indeed, there is no
7  requirement that all prior art must be considered by the USPTO before being considered by the
8  Court.  The value of the USPTO's consideration of certain prior art is not diminished if the
9  USPTO does not consider additional prior art; the Court still receives the benefit of the USPTO's
10 expertise as to the prior art it considers, and this benefit is sufficient to justify the *Black &*
11 *Decker* stay.  To say that disclosing all prior art within 60 days is "necessary," "in order to
12 achieve the benefits that the Court intended to be gained from a stay," as is claimed by Plaintiff,
13 is exceedingly overdramatic.

14      Moreover, to require Defendants to disclose their claimed invalidating prior art in 60
15 days, without expressly providing for an opportunity for Defendants to later amend their
16 disclosed prior art, is patently unfair and prejudicial.  Defendants are not parties to the currently
17 pending reexaminations.  Defendants did not initiate or otherwise participate in the instigation of
18 the currently pending reexaminations.  Defendants are not parties to the *Black & Decker* case.
19 Defendants have filed a Motion for Stay pending resolution of the currently pending
20 reexaminations, but, as of the filing of this Opposition, the current action has not been stayed.  In
21 short, neither Defendants nor this action are involved in the reexaminations in any way and,
22 unless and until the current action is stayed, the reexaminations are in no way involved in this
23 action.  To subject Defendants to the burden of an accelerated Patent Local Rules schedule and
24 require them to lock themselves into a position regarding the validity of the '184 patent at an

1  abnormally early date without the benefit of the other steps in the Patent Local Rules schedule to
2  which a defendant is normally entitled is unconscionable.

3        The Patent Local Rules set forth a very specific timeline to be followed in patent cases.
4  Each step in the process has a deadline that is based on the completion of the previous step.
5  Beginning with Defendant's first appearance, an Early Neutral Evaluation Conference is to occur
6  within 60 days. If the case cannot be settled, Plaintiff is required to provide Defendants with
7  Preliminary Infringement Contentions within 14 days thereafter. Defendants then have 60 days
8  to provide Plaintiff with Preliminary Invalidity Contentions, which include the identity of each
9  item of prior art that allegedly anticipates each asserted claim or renders it obvious. These
10 Preliminary Invalidity Contentions cannot be amended except upon a showing of good cause.

11       As illustrated above, normally a defendant has the opportunity to attempt to settle the
12 case and receives the benefit of learning of the plaintiff's position prior to the 60-day clock
13 starting on disclosing prior art. This timeline allows a defendant not only the time necessary to
14 undertake the lengthy and extremely expensive process of identifying prior art, but also allows a
15 defendant the opportunity to evaluate the plaintiff's case and determine the extent to which an
16 involved investigation of prior art is justified. In some cases, a defendant may determine that
17 their time and money are better spent on other aspects of their defense than in identifying prior
18 art. The orderly process of the Local Patent Rules timeline allows this evaluation to be made on
19 sufficient information. It is not only the total time provided to a defendant by the schedule that is
20 of value, but also the information that a defendant receives along the path to disclosing prior art,
21 including at the Early Neutral Evaluation and in the Preliminary Infringement Contentions. Yet
22 Plaintiff does not propose merely shortening the time in between steps to reach the step of
23 disclosing prior art earlier than normal. Rather, Plaintiff proposes yanking that step out of the
24 normal progression and forcing Defendants to commit themselves to a final position out of order

1  and abnormally early, while allowing Plaintiff to proceed in the normal order with the benefit of
2  the full timeline to determine a position.  This is fundamentally and undeniably unfair.

3  Defendants recognize that the USPTO may be better able to fully reexamine the '184
4  patent if all of the relevant prior art is brought to its attention.  Defendants also recognize that the
5  Court may benefit from the USPTO's consideration of prior art in the stayed cases when the
6  stays are lifted, if the '184 patent survives the reexamination process.  Therefore, Defendants are
7  prepared to provide Plaintiff with all of the invalidating prior art about which Defendants are
8  aware within 60 days, on the condition that the Court orders that such disclosure is not final and
9  may be amended for any reason when Defendants prepare their Preliminary Invalidity
10 Contentions according to the normal Patent Local Rules schedule.  However, it would be unfair
11 and prejudicial to require such early disclosure to be made under the Preliminary Invalidity
12 Contentions provision of the Local Patent Rules, effectively forcing Defendants to conduct an
13 expensive validity investigation prematurely and preventing Defendants from later amending
14 such disclosure without a showing of good cause.

15 For the reasons set forth above, Defendants respectfully request that the Court deny
16 Plaintiff's Notice of Motion and Motion to Modify Patent Local Rules Schedule to Accelerate
17 Identification of Claimed Invalidating Prior Art.

18 Date:  April 25, 2008

19                                                           Respectfully submitted,
20
21                                                             /s/Cassandra L. Wilkinson
22                                                           ————————————————
23                                                           Callie Bjurstrom
24                                                           cbjurstrom@luce.com
25                                                           LUCE, FORWARD, HAMILTON & SCRIPPS
26                                                           600 West Broadway, Suite 2600
27                                                           San Diego, California 92101-3391
28                                                           Telephone:    (619) 699-2585
29                                                           Facsimile:    (619) 446-8243

        Mark G. Kachigian  
        mkachigian@hjklaw.com  
        Cassandra L. Wilkinson  
        cwilkinson@hjklaw.com  
        HEAD, JOHNSON & KACHIGIAN, P.C.  
        228 West 17th Place  
        Tulsa, Oklahoma  74119  
        Telephone:     (918) 587-2000  
        Facsimile:     (918) 584-1718  

        Counsel for Defendants Global Machinery Company, GMCA Pty. Ltd., and Trapone Corporation Pty. Ltd.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 25, 2008, the foregoing document was electronically transmitted to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

| | |
|---|---|
| J. Michael Kaler | Melody A. Kramer |
| Kaler Law Offices | Kramer Law Office, Inc. |
| 9930 Mesa Rim Road, Suite 200 | 9930 Mesa Rim Road, Suite 1600 |
| San Diego, California  92121 | San Diego, California  92121 |
| michael@kalerlaw.com | mak@kramerlawip.com |

        /s/Cassandra L. Wilkinson  
        ―――――――――――――――――――  
        Counsel for Defendants